FILED by WC D.C.
ELECTRONIC
Jun 30 2003
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 03-Civ-80515-Hurley/Lynch

KATY JOHNSON,

    Plaintiff,

vs.

TUCKER MAX,

    Defendant.
_____/

## DECLARATION OF ROSS M. HENDIN

ROSS M. HENDIN declares as follows:

1. I am a marketing, public relations and media consultant. I have been studying and/or working in this field for approximately the past 9 years. Tucker Max is one of my current clients.

2. I have reviewed the pleadings in this case, the articles and media relating to Katy Johnson, and Ms. Johnson's website, which appears at http://www.katyjohnson.com.

3. Based on Ms. Johnson's resume, which appears on her website, she has competed in at least 11 beauty pageants. Her website also indicates that she was crowned Miss Vermont 1999 and Miss Vermont 2001.

4. It is my professional opinion that, in light of her substantial experience in the beauty pageantry business, Ms. Johnson is qualified as a Pageant Consultant. Consultants such as these can regularly bill their clients between $50 to $200 per hour.

19/kb

5. Due to her credentials and experience in the pageantry field, Ms. Johnson enjoys substantial name recognition and could consult an extensive clientele nationally. Assuming she were to consult for 100 hours per year, for next 10 years, she could reasonably expect to earn <u>$50,000 - $200,000 on pageant consulting alone over the course of her career</u>.

6. Her film and television credits include the lead in 9 European feature films, dubbed in 12 languages. She has also made 12 national television appearances, including on the highly popular network MTV, as well as in her role in numerous beauty pageants, the Winston Cup (as a NASCAR model), and the lead role in the television series "Boy in the Golden Kimono." Each of these public appearances have served to bolster her professional name and credibility as a model, pageant consultant, author, public speaker and celebrity.

7. For lead appearances on future television shows of moderate success, Ms. Johnson could earn approximately $40,000 - $50,000 per season. Moreover, based on her youthful age (she is currently 25 years old), she could enjoy a career as a television actress for the next 3-7 years. Based on these assumptions, Ms. Johnson could earn up to <u>$350,000 through television appearances over the course of her career</u>.

8. Ms. Johnson also claims on her website that she has appeared in numerous high-profile television commercials. The commercials in question are a #1 Superbowl commercial (the single most expensive commercial time on the air) and advertising for prominent brands such as SCOPE, CREST and MCI (2 appearances).

9. Commercials like these provide significant exposure and readily provide a significant source of income. These advertising appearances could earn on average of

$5000 per commercial. Assuming Ms. Johnson appears in at three commercials per year for the next 5 years, it is possible to conclude she would generate income of $75,000 from television commercial appearances.

10. Ms. Johnson is also the author of 2 comic strips, 3 books (one of which was featured in TIME magazine), and a columnist pageantry magazine. Pageantry magazine also targets the same demographic as her books and her consulting services, giving her more credibility in the field, further bolstering brand awareness and allowing her to charge a premium for her work. Her book True Beauty sells for $15.95. Based on industry norms, she likely earns approximately $2.00 per book from the retail sales. Additionally, selling to a publisher would likely land her a $10,000 advance. In my opinion, she will likely earn apprximately $20,000 if only her book sells through its first two runnings. This conservative assumption assumes no income from her column or her comic strip. If her comic strip is purchased by a publisher for monthly syndication, she could reasonably expect to earn $3000 per month.

11. In total, the income potential of Ms. Johnson could be around $700,000. Of course, Ms. Johnson has not provided me, Mr. Max or his counsel with any information concerning her actual past income or future prospects, so this projection is preliminary only, based on the foregoing assumptions, not intended to be binding on the defendant, and may vary following discovery.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 30th day of June, 2003 in Ottawa, Canada.

_____
Ross M. Hendin